UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6101-~~CIV-ZLOCH~~

FILED by _____ D.C.

JAN 21 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

ANGOLA SHIPPING LTD., BAHAMAS,

    Plaintiff,

vs.

M/V SUN ECLIPSE, its engines, tackle
and appurtenances, in rem,

    Defendants.
_____/

ORDER APPOINTING
SUBSTITUTE CUSTODIAN

    THIS MATTER is before the Court upon the Plaintiff, Angola Shipping Ltd.'s Motion For Appointment Of A Substitute Custodian, filed herein on January 21, 2000, and the Court having carefully considered said Motion, having reviewed the court file and being otherwise fully advised in the premises, it is

    **ORDERED AND ADJUDGED** that the Plaintiff, Angola Shipping Ltd.'s Motion For Appointment Of A Substitute Custodian, filed herein on January 21, 2000, be and the same is hereby **GRANTED**.

    **IT IS FURTHER ORDERED** that the United States Marshal for the Southern District of Florida be and the same is hereby authorized and directed, upon his seizure of said vessel, M/V Sun Eclipse, her engines, tackle, apparel, furniture, equipment, and all other necessaries thereunto appertaining and belonging, pursuant to the Warrant Of Arrest In Rem, to surrender the possession thereof to the custody of the Substitute Custodian, National Liquidators, 1915 Southwest 21st Street, Fort Lauderdale, Florida, by and

through its authorized representatives, immediately following its arrest.

**IT IS FURTHER ORDERED** that upon the transfer of said vessel to the Substitute Custodian, the aforesaid Substitute Custodian is hereby appointed to act as Substitute Custodian of the Defendant vessel during _custodia legis_ on behalf of this Court, in place and instead of the United States Marshal, until further Order of the Court.

**IT IS FURTHER ORDERED** that upon transfer of custody of the Defendant vessel to the Substitute Custodian by the United States Marshal, the United States Marshal shall be discharged from his duties and responsibilities for the safekeeping of said vessel and shall not be liable for any loss occurring while it remains in the custody of the Substitute Custodian.

**IT IS FURTHER ORDERED** that upon transfer of custody of the Defendant vessel to the Substitute Custodian by the United States Marshal, National Liquidators is hereby appointed to act as Substitute Custodian of the Defendant vessel during _custodia legis_ on behalf of this Court, in the place of and instead of the United States Marshal, until further Order of the Court.

**IT IS FURTHER ORDERED** that upon transfer of custody of the Defendant vessel to the Substitute Custodian by the United States Marshal, the Substitute Custodian shall cause the vessel to be brought to and to be kept in the custody of National Liquidators,

which is within the jurisdiction of this Court.

**IT IS FURTHER ORDERED** that all reasonable expenditures of the United States Marshal for the safekeeping of Defendant vessel shall be deemed administrative expenses in this action and a first charge on the vessel herein, to be paid to the United States Marshal prior to the release of the Defendant vessel or distribution of the proceeds of its sale, and all further constructive costs shall be borne by Plaintiff.

**IT IS FURTHER ORDERED** that all reasonable expenditures which may be incurred by the United States of America and the Substitute Custodian, or by any party advancing funds to the Substitute Custodian, in safekeeping and maintaining the vessel while she is in custodia legis, shall be administrative expenses in this action and a first charge on the Defendant vessel herein, to be paid prior to the release of the vessel or the distribution of proceeds of her sale, said expenses of the Substitute Custodian being at a cost substantially less than that presently required by the United States Marshal.

**IT IS FURTHER ORDERED** that during custodia legis the Substitute Custodian shall not permit repairs or changes to be made to the vessel, except for routine maintenance required for the vessel's safekeeping, or in emergency situations, without an Order of this Court.

**IT IS FURTHER ORDERED** that the Plaintiff and the Substitute

3

Custodian, in consideration of the United States Marshal's consent to the substitution of custody, shall indemnify, hold harmless, and release the United States Marshal, the United States of America, their agents, servants, employees, and all others for whom they are responsible, from any and all liability and responsibility arising out of the care and custody of the vessel, her engines, tackle, appurtenances, furnishings, etc.

**IT IS FURTHER ORDERED** that the Plaintiff and the Substitute Custodian shall defend the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, against all claims and actions arising out of said substitute custody and, further, shall indemnify and hold harmless the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible for all attorneys' fees, costs, expenses and disbursements incurred in defending against such claims or actions arising out of said substitute custody.

**IT IS FURTHER ORDERED** that all United States Marshal's costs shall be paid prior to release of said vessel.

**IT IS FURTHER ORDERED** that the Substitute Custodian must receipt for the vessel and the United States Marshal must attest to the date and time of release on a certified copy thereof.

**IT IS FURTHER ORDERED** that Plaintiff's attorney shall serve the owner of the Defendant vessel, *M/V Sun Eclipse*, with a copy of

this Order within ten (10) days from the date of this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _21_ day of January, 2000.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

Michael Guilford, Esq.
For Plaintiff

United States Marshals Service
(3 certified copies)

Defendant (By Plaintiff)