UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FT. LAUDERDALE DIVISION

ANGOLA SHIPPING LTD., BAHAMAS,

    Plaintiff,

v.

M/V "SUN ECLIPSE," its engines, tackle, appurtenances, etc., in rem,

    Defendant,

v.

HVIDE MARINE, INC.,

    Third Party Defendant.

CASE NO. 00-6101-Civ-Zloch

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND THIRD PARTY COMPLAINT

COMES NOW the Claimant/Owner, Island Reef Holdings Limited, by and through its undersigned counsel, and for its Answer and Affirmative Defenses to the Complaint of Plaintiff, ANGOLA SHIPPING LTD., and for its Third Party Complaint pursuant to Rule 14(c) of the Federal Rules of Civil Procedure against HVIDE MARINE, INC. states:

Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A. • 100 Southeast Second Street, Seventeenth Floor, Miami, Florida 33131 • (305) 789-9200

CASE NO. 00-6101-Civ-Zloch

## ANSWER

1. Defendant admits the material allegations of paragraph 1 of the Complaint.

2. Defendant admits that the M/V "SUN ECLIPSE" is a motor vessel registered in the Bahamas. Except as expressly admitted, the remainder of paragraph 2 of the Complaint is denied.

3. Defendant admits that venue in this district is appropriate. Except as expressly admitted, the remainder of paragraph 3 of the Complaint is denied.

4. Defendant admits that the M/V "ANGOLA" was in Port Everglades, Florida, on or about January 14, 2000. Except as expressly admitted, the remainder of paragraph 4 of the Complaint is denied.

5. Defendant admits that the M/V "SUN ECLIPSE" was moving under pilotage with the assistance of harbor tugs in Port Everglades, Florida, on January 14, 2000. Except as expressly admitted, the remainder of paragraph 5 of the Complaint is denied.

6. Defendant admits that the M/V "SUN ECLIPSE" and M/V "ANGOLA" collided in Port Everglades, Florida, on January 14, 2000. Except as expressly admitted, the remainder of paragraph 6 of the Complaint is denied.

7. Defendant denies the material allegations of paragraph 7 of the Complaint.

## AFFIRMATIVE DEFENSES

8. The alleged collision occurred as a result of an act of God, peril of the sea, or other cause beyond the control of the M/V "SUN ECLIPSE."

9. The alleged collision occurred as a result of the acts of third parties who should be directly and solely responsible for the Plaintiff's alleged damages, if any.

FOWLER, WHITE, BURNETT, HURLEY, BANICK & STRICKROOT, P.A. • 100 SOUTHEAST SECOND STREET, SEVENTEENTH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

10. Plaintiff's own acts or omissions or failure to exercise care and vigilance for its own safety and welfare solely or comparatively contributed to Plaintiff's alleged damages, if any.

11. Plaintiff failed to mitigate its damages, if any, and therefore any recovery to which it may be entitled, which recovery is denied, must be reduced by the nature and extent of its failure to mitigate its damages.

## THIRD PARTY COMPLAINT

1. This is a Third Party Complaint for indemnity and/or contribution within the Court's Admiralty and Maritime jurisdiction pursuant to 28 U.S.C. §1333 and Rules 9(h), 14(c) and 82 of the Federal Rules of Civil Procedure.

2. The Claimant/Owner is now and was at all times material hereto the owner of the M/V "SUN ECLIPSE."

3. HVIDE MARINE, INC. is now and was at all times material hereto a corporation organized and existing under and by virtue of the laws of the State of Florida with its principal place of business in Broward County, Florida and engaged in business as a tugboat operator providing towage services in Port Everglades, Florida.

4. HVIDE MARINE, INC. was providing tugboat and towage services to the M/V "SUN ECLIPSE" in Port Everglades, Florida, on January 14, 2000 when the M/V "SUN ECLIPSE" and the M/V "ANGOLA" collided.

5. HVIDE MARINE, INC. owned and operated the tugs "BROWARD" and "HOLLYWOOD" which were providing towing assistance to the M/V "SUN ECLIPSE" at the time of the alleged collision with the M/V "ANGOLA" in Port Everglades, Florida, on January 14, 2000.

-3-

Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A. • 100 Southeast Second Street, Seventeenth Floor, Miami, Florida 33131 • (305) 789-9200

6. Plaintiff has filed a Complaint against the M/V "SUN ECLIPSE" seeking damages as a result of the collision.

7. If the M/V "SUN ECLIPSE" is found liable to the Plaintiff for the alleged damages to the M/V "ANGOLA," such liability must be based on her constructive, derivative and/or vicarious liability for the negligence and/or breach of duties of HVIDE MARINE, INC.

8. The Claimant/Owner/Third Party Plaintiff has and will incur legal fees and expenses in the defense of Plaintiff's claim.

## COUNT I

9. The Claimant/Owner/Third Party Plaintiff reiterates and realleges the allegations of Paragraph 1-8 above and further states:

10. HVIDE MARINE, INC. breached its contract to safely tow the M/V "SUN ECLIPSE" in Port Everglades, Florida.

11. As a result of HVIDE MARINE, INC.'s breach of contract, the Claimant/Owner/Third Party Plaintiff has suffered damages and incurred miscellaneous expenses.

## COUNT II

12. Claimant/Owner/Third Party Plaintiff reiterates and realleges the allegations of Paragraphs 1-8 above and further states:

13. HVIDE MARINE, INC. owed the M/V "SUN ECLIPSE" a warranty of workmanlike performance of its towage services.

14. HVIDE MARINE, INC. breached its warranty of workmanlike performance in that it allowed the M/V "SUN ECLIPSE" and the M/V "ANGOLA" to collide.

-4-

CASE NO. 00-6101-Civ-Zloch

15. As a result of HVIDE MARINE, INC.'s breach of its warranty of workmanlike performance, the Claimant/Owner/Third Party Plaintiff has suffered damages and incurred miscellaneous expenses.

## COUNT III

16. Claimant/Owner/Third Party Plaintiff reiterates and realleges the allegations of Paragraphs 1-8 above and further states:

17. HVIDE MARINE, INC. was under a duty and obligation to exercise reasonable care to tow the M/V "SUN ECLIPSE."

18. HVIDE, MARINE, INC. failed to fulfill its duties and obligations in that it allowed the M/V "SUN ECLIPSE" and the M/V "ANGOLA" to collide.

19. As result of HVIDE MARINE, INC.'s negligence, the Claimant/Owner/Third Party Plaintiff has suffered damages and incurred miscellaneous expenses.

WHEREFORE, the Claimant/Owner/Third Party Plaintiff prays that the Plaintiff's Complaint be dismissed with prejudice; that Third Party Defendant, HVIDE MARINE, INC. appear and answer Plaintiff's Complaint in accordance with Rule 14(c) of the Federal Rules of Civil Procedure; that Plaintiff pursue this action directly against Third Party Defendant, HVIDE MARINE, INC.; that the Claimant/Owner take judgment over and against Third Party Defendant, HVIDE MARINE, INC. for any amounts awarded to the Plaintiff over and against it, plus attorney's fees and costs incurred in the defense of Plaintiff's Complaint; or alternatively, that the Claimant/Owner take judgment over and against Third Party Defendant, HVIDE MARINE, INC. on the basis of contribution for each party's proportion of fault for Plaintiff's damages; and for such other and further relief to be just

FOWLER, WHITE, BURNETT, HURLEY, BANICK & STRICKROOT, P.A. • 100 SOUTHEAST SECOND STREET, SEVENTEENTH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

CASE NO. 00-6101-Civ-Zloch

and proper under the circumstances.

                Respectfully submitted,

*[signature]*
Allan R. Kelley
Fla. Bar No. 309893

FOWLER, WHITE, BURNETT, HURLEY,
 BANICK & STRICKROOT, P.A.
NationsBank Tower, 17th Floor
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 789-9200
Facsimile: (305) 789-9201

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this _5th_ day of March, 2000 to Michael F. Guilford, Esq., Michael Guilford, P.A., 8603 South Dixie Highway, Suite 315, Coral Gables, FL 33143-7807.

                By: *[signature]*
                    Allan R. Kelley

[nbs] W:\53082\ANSWR455.ARK{3/8/0-13:49}

-6-

FOWLER, WHITE, BURNETT, HURLEY, BANICK & STRICKROOT, P.A. • 100 SOUTHEAST SECOND STREET, SEVENTEENTH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200