## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### FT. LAUDERDALE DIVISION

IN ADMIRALTY

CASE NO. 00-6101-CIV-ZLOCH
MAGISTRATE

ANGOLA SHIPPING LTD., Bahamas

    Plaintiff,

vs.

M/V "SUN ECLIPSE", its engines, tackle, appurtenances, etc., in rem.

    Defendant.

vs.

HVIDE MARINE, INC.,

    Third Party Defendant.

_____/

**NIGHT BOX FILED**
**JUN - 5 2000**
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### ANSWER AND AFFIRMATIVE DEFENSES TO THIRD PARTY COMPLAINT AND COUNTERCLAIM FOR INDEMNIFICATION

The Third Party Defendant, HVIDE MARINE, INC., by and through its undersigned counsel, files this its Answer and Affirmative Defenses to the Third Party Complaint and, its Counterclaim for Indemnification, as follows:

### ANSWER

1. Admitted based solely on the allegations set forth in the Third Party Complaint.
2. Denied for lack of knowledge.
3. Admitted.



4. The Third Party Defendant admits it was providing tug services to the M/V SUN ECLIPSE in Port Everglades, Florida on January 14, 2000; the balance of the allegations is denied.

5. The Third Party Defendant admits it owned and operated the Tugs "Broward" and "Hollywood" which were providing assistance to the M/V SUN ECLIPSE in Port Everglades, Florida on January 14, 2000; the balance of the allegations in paragraph 5 is denied.

6. Admitted.

7. Denied.

8. Denied for lack of knowledge.

### Count I

9. The Third Party Defendant re-alleges and adopts its answer in paragraphs 1 through 8 above and further states:

10. Denied.

11. Denied.

### Count II

12. The Third Party Defendant re-alleges and adopts its answer in paragraphs 1 through 8 above and further states:

13. Denied.

14. Denied.

15. Denied.

### Count III

16. The Third Party Defendant re-alleges and adopts its answer in paragraphs 1 through 8 above and further states:

17. Denied.

18. Denied.

19. Denied.

## AS TO ALL COUNTS

The Third Party Defendant denies any and all allegations set forth in the Third Party Complaint not otherwise expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. As the first affirmative defense, the Third Party Defendant affirmatively avers that the Third Party Plaintiff has agreed to indemnify and hold harmless HVIDE MARINE, INC. and its assisting tugs from any and all liabilities, claims, damages and expenses that may arise by reason of the towage and/or services furnished by HVIDE MARINE, INC. and/or its assisting tug boats pursuant to Port Everglades Towing Tariff No. 16 (attached as Exhibit "A") and, therefore, the Third Party Defendant is entitled to indemnification with respect to any and all damages being sought by the Plaintiff herein and the Third Party Complaint is properly dismissed.

2. As the second affirmative defense, the Third Party Plaintiff affirmatively avers that its tugs "Broward" and "Hollywood" and its tug boat operators were acting, at all times material hereto, solely at the direction of the M/V SUN ECLIPSE and/or its pilot and, therefore, any liability in this instance is solely attributable to the owners and/or operators of the M/V SUN ECLIPSE.

3. As the third affirmative defense, the Third Party Defendant affirmatively avers that the incident alleged in the Complaint and Third Party Complaint occurred after the M/V SUN ECLIPSE had ordered the tugs to stand clear and after the M/V SUN ECLIPSE had anchored in Port Everglades, Florida and, therefore, the Third Party Complaint fails to state a claim upon which relief can be granted against HVIDE MARINE, INC. and is properly dismissed.

4. As the fourth affirmative defense, the Third Party Defendant affirmative avers that,

Count I of the Third Party Complaint fails to state a claim upon which relief can be granted and is properly dismissed.

5. As the fifth affirmative defense, the Third Party Defendant affirmatively avers that Count II of the Third Party Complaint fails, as a matter of law, to state a claim upon which relief can be granted against HVIDE MARINE for alleged breach of the warranty of workmanlike performance and, therefore, Count II is properly dismissed.

6. As the sixth affirmative defense, the Third Party Defendant affirmatively avers that, HVIDE MARINE's tugs were not in the process of towing the M/V "SUN ECLIPSE" at the time the subject incident occurred, and, therefore, Counts I, II and III of the Third Party Complaint fail to state a claim upon which relief can be granted and are properly dismissed.

7. As the seventh affirmative defense, the Third Party Defendant affirmatively avers that at all times material hereto the Third Party Plaintiff, as operator of the M/V SUN ECLIPSE, was acting in a negligent manner such that its own conduct was the sole legal cause of the damage, if any, to the M/V ANGOLA; alternatively, the Third Party Defendant's liability (if any) must be reduced in accordance with the principles of comparative negligence.

8. As the eighth affirmative defense, the Third Party Defendant affirmatively avers that the sole legal cause of the damage, if any, to the M/V ANGOLA was the acts or omissions of third parties not before the Court and over whom the Third Party Defendant has no control or supervision and, therefore, the Third Party Complaint fails to state a claim upon which relief can be granted and is properly dismissed.

CASE NO. 00-6101-CIV-ZLOCH
PAGE 5

## **COUNTERCLAIM FOR INDEMNIFICATION**

1. This is a counterclaim for indemnification and is within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

2. The Third Party Defendant, HVIDE MARINE, INC., provided, at all times material hereto, tug assistance to vessels entering Port Everglades with licensed pilots on board.

3. The Claimant/Owner, ISLAND REEF HOLDINGS, LTD., has held itself out in its Third Party Complaint as being, at all times material hereto, the Owner of the *in rem* Defendant, M/V SUN ECLIPSE.

4. On or about January 14, 2000, the M/V SUN ECLIPSE and/or its owner requested HVIDE MARINE to provide tug boats to assist the M/V SUN ECLIPSE, which was entering Port Everglades with a pilot on board.

5. The Port Everglades Towing Tariff No. 16 governing tug assistance in docking or undocking vessels in Port Everglades states as follows:

> It is understood and agreed that Port Everglades Towing, in providing tug boats to assist the vessel, supplies only motivating power; that the tug boat(s) act only at the direction of the vessel, the vessel owner's representative and/or the pilot aboard said vessel; and, except in cases of gross negligence or willfulness conduct by Port Everglades Towing or its employees, said vessel and vessel owners agree to indemnify and hold harmless Port Everglades Towing and its assisting tugs from any and all liability, claims, damages and expenses that may arise by reason of the towage and/or services furnished by Port Everglades Towing and/or the assisting tug boats to said vessel under this agreement.
>
> With respect to vessels that are not owned by the person or company ordering the tugboat service, it is understood and agreed that such person or company warrants that it has authority to bind the vessel owner to all provisions of the preceding paragraphs, and agrees to indemnify and hold us harmless, and also those furnishing the tugs

> and/or pilot, the tug, their owners, agents, charterers, operators and
> managers, from all damages and expenses that may be sustained or
> incurred in the event and in consequence of such person or company
> not having such authority

See, Port Everglades Towing Tariff No. 16 attached hereto as Exhibit "A".

6. The owner of the M/V SUN ECLIPSE and/or its authorized representatives requested HVIDE MARINE, INC. to provide tugboats to assist the vessels while maneuvering in Port Everglades, Florida on January 14, 2000. HVIDE MARINE provided the Tugs "Broward" and "Hollywood", which acted only at the direction of the M/V SUN ECLIPSE, its owner's representatives and/or the pilot aboard said vessel.

7. While standing by to assist the M/V SUN ECLIPSE, the pilot onboard said vessel ordered the tugs to stand clear, while the M/V SUN ECLIPSE endeavored to anchor in Port Everglades. Subsequent to dropping anchor, the M/V SUN ECLIPSE reportedly collided with the M/V ANGOLA resulting in the above-styled claim for damages.

8. The *in rem* Defendant, M/V SUN ECLIPSE, and its Claimant/Owner have filed a Third Party Complaint against HVIDE MARINE, INC. for alleged breach of contract, alleged breach of the warranty of workmanlike performance and alleged negligence. Pursuant to the Port Everglades Towing Tariff, the M/V SUN ECLIPSE and its owners have agreed to indemnify and hold harmless HVIDE MARINE and its assisting tugs from any and all liability, claims, damages and expenses that may arise by reason of the towage and/or services furnished to the vessel. Alternatively, or in addition to the foregoing, any liability imposed on HVIDE MARINE for alleged damage to the M/V ANGOLA arises solely from its constructive, derivative and/or vicarious liability for the negligence and/or breach of duties by the M/V SUN ECLIPSE, its owners, operators and/or pilot.

WHEREFORE, the Third Party Defendant prays that the Third Party Complaint against it be dismissed with prejudice and that the Defendant, M/V SUN ECLIPSE, *in rem*, and Claimant/Owner, ISLAND REEF HOLDINGS, LTD., indemnify and hold harmless HVIDE MARINE, INC. and its assisting tugs from any and all liability, claims, damages and expenses arising from the collision between the M/V SUN ECLIPSE and the M/V ANGOLA.

Respectfully submitted,

JONATHAN W. SKIPP
Florida Bar No. 710570

HORR, LINFORS, SKIPP & NOVAK, P.A.
Attorneys for Defendant
One Datran Center, Suite 1001
9100 South Dadeland Boulevard
Miami, Florida 33156-7866
Phone: 305/670-2525
Fax: 305/670-2526

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 5th day of June, 2000 to: Michael Guilford, Esq., Michael Guilford, P.A., Attorneys for Plaintiff, 8603 S. Dixie Highway, Suite 315, Coral Gables, Florida 33143-7807 and Allan R. Kelley, Esq., Fowler, White, et al., Attorneys for Defendant SUN ECLIPSE, 100 Southeast Second Street, 17th Floor, Miami, Florida 33131.

JONATHAN W. SKIPP
Florida Bar No. 710570

# Port Everglades Towing

## NOTICE

The furnishing of any service or anything done in connection therewith shall not be construed to be or give rise to a personal contract, and it is understood that we and any vessels we may furnish, and their owners, charterers, operators, managers and agents, shall have the benefit of all exemptions from, and limitations of, liability to which an owner of a vessel is entitled, under the Limitations of Liability Statutes of the United States.

## PILOTAGE

When the captain of any tug furnished or engaged in the service of assisting a vessel goes on board such vessel or any other licensed pilot goes on board such vessel, it is understood and agreed that such tugboat captain or licensed pilot becomes the servant of the owner of the vessel assisted in respect to the giving of orders to any of the tugs furnished to or engaged in the assisting service and in respect to the handling of such vessel, and neither those furnishing the tugs and/or pilot nor the tugs, their owners, agents, charterers, operators and managers shall be liable for any damage resulting therefrom.

It is understood and agreed that Port Everglades Towing, in providing tugboats to assist the vessel, supplies only motivating power; that the tugboat(s) act only at the direction of the vessel, the vessel owner's representative and/or the pilot aboard said vessel; and, except in cases of <u>gross negligence or wilfull misconduct</u> by Port Everglades Towing or its employees, said vessel and vessel owners agree to indemnify and hold harmless Port Everglades Towing and its assisting tugs from any and all liability, claims, damages and expenses that may arise by reason of the towage and/or services furnished by Port Everglades Towing and/or the assisting tugboats to said vessel under this agreement.

With respect to vessels that are not owned by the person or company ordering the tugboat service, it is understood and agreed that such person or company warrants that it has authority to bind the vessel owner to all provisions of the preceding paragraphs, and agrees to indemnify and hold us harmless, and also those furnishing the tugs and/or pilot, the tugs, their owners, agents, charterers, operators and managers, from all damages and expenses that may be sustained or incurred as the event and in consequence of such person or company not having such authority.

---

# CONDITIONS AND RATES FOR

# TUG SERVICES

## EFFECTIVE FEBRUARY 15TH, 1994



# Port Everglades Towing

Division of Hvide Shipping, Incorporated
P.O. Box 13038
Port Everglades Station, Fort Lauderdale, Florida 33316

Telefax: (305) 527-1744

## Phone: (305) 523-2200

P E T Tariff No. 16
OP-18

Published February 15, 1994

---

**EXHIBIT A**

**Schedule of Rates for Tug Assistance in Docking or Undocking Vessels in PORT EVERGLADES**
**Based on Gross Registered Tonnage**
Effective February 15, 1994

| Gross Tons | | | CLASS I | CLASS II |
|---|---|---|---|---|
| 5,000 Gross Tons or less | | | $ 350.00 | $ 450.00 |
| 5,001 | to | 7,500 | $ 390.00 | $ 425.00 |
| 7,501 | to | 10,000 | $ 700.00 | $ 575.00 |
| 10,001 | to | 12,500 | $ 845.00 | $ 680.00 |
| 12,501 | to | 15,000 | $ 875.00 | $ 775.00 |
| 15,001 | to | 17,500 | $ 950.00 | $ 840.00 |
| 17,501 | to | 20,000 | $1,025.00 | $ 930.00 |
| 20,001 | to | 22,500 | $1,100.00 | $1,000.00 |
| 22,501 | to | 25,000 | $1,200.00 | $1,100.00 |

All vessels in excess of 25,000 Gross Tons shall be charged the Basic Applicable rate plus $49.00 per 1,000 tons or fraction thereof in excess of 25,000 tons up to 50,000 Gross Tons.

**NOTE:** *Docking and undocking shall be defined as a service rendered to assist a vessel using her own propelling power.*

Barges and ships without motive power shall be charged at the rate of one and one-half (1 1/2) times the basic rate.

Shifting (including undocking and docking) shall be charged at the rate of one and one-half (1 1/2) times the basic rate.

Barges with tugs secured in the notch will be charged the Basic rate. Barges with tugs not in notch and all others will be charged one and one-half (1 1/2) times the basic rate.

Vessels turning and backing stern first into berths will be charged one and one-half (1 1/2) times the basic rate.

Waiting time will be charged at $388.00 per hour or part thereof after the first 1/2 hour of waiting from time tug is ordered for docking or undocking vessel.

Cancellation of Orders: The charge for cancelled orders when a tug reports to vessel and subsequently operations are cancelled, the charge will be one-half (1/2) of the applicable rate.

Standby Charges: When a tug is ordered and requested to standby without assisting the vessel, the charges will be three-fourths (3/4) of the applicable rate.

For services performed on weekdays (Monday through Friday) after 4:00 p.m. and before 8:00 a.m., there will be an additional charge of 35%.

For services performed on Saturday, Sundays and Holidays, there will be an additional charge of 35%.

The following Federal Holidays are observed:

New Years Day — 1st of January
Martin Luther King Birthday — As Celebrated
Washington's Birthday — Third Monday in February
Memorial Day — Last Monday in May
Independence Day — 4th of July
Labor Day — First Monday in September
Columbus Day — Second Monday in October
Veteran's Day — Fourth Monday in October
Thanksgiving Day — Fourth Thursday in November
Christmas Day — 25th of December

When a Holiday falls on a Sunday, the following Monday is a Holiday.

Vessels requiring tugs to proceed beyond the harbor entrance jetty breakwater will be charged an additional $250.00 per tug. If tugs are required to work beyond the entrance jetties for periods in excess of one hour, then an additional amount of $400.00 shall be charged.

Basic rates do not apply to vessels ashore, aground or in distress. Rates will be quoted upon request.

Rates for outside services, salvages, distant towing and coastwise services will be quoted upon request.